THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

BRIAN METKE,

        Plaintiff,

    v.

BANK OF NEW YORK MELLON,
as Trustee for the
Certificateholders CWABS,
Inc., Asset-Backed
Certificates Series 2006-18
formerly known as Bank of
New York; RECONTRUST
COMPANY, NA; BANK OF AMERICA
NA,

        Defendants.

No. 3:12-cv-0384-PA

ORDER

**PANNER, J.**

    This matter comes before the Court on Defendants' Motion to Enforce Settlement Agreement (#47) and Plaintiff's Motion for Leave to File an Amended Complaint (#45). Defendants' Motion is DENIED. Plaintiff's Motion is GRANTED.

## Background

    This case arises out of a pair of mortgages on a cabin belonging to Plaintiff. In April 2014, the parties engaged in settlement negotiations. On April 21, 2014, Defendants'

1 - ORDER

counsel sent Plaintiff's counsel an email proposing the "key, non-boilerplate terms" of a settlement agreement. On April 25, Plaintiff's counsel replied that his client had authorized him to accept the deal, but with the reservation that he needed to clarify the details of the credit reporting issue in the proposed settlement. Plaintiff's counsel then informed the Court that a settlement had been reached and the Court entered a Sixty-Day Order of Dismissal.

On April 29, Defendants' counsel sent Plaintiff's counsel a draft settlement agreement. Plaintiff's counsel was told not to have Plaintiff sign it yet because it had not met with final approval from the bank. On May 8 and again on May 9, Plaintiff's counsel sent proposed redline modifications to the April 29 draft. Several of these corrections dealt with the credit reporting issue. Defendants counsel responded with another draft that rejected or modified portions of the May 8 and May 9 drafts. The parties then exchanged drafts throughout June 2014 but were unable to reach a mutually agreeable draft of the settlement agreement.

## Discussion

### I. Motion to Enforce Settlement Agreement

A district court has the power to summarily enforce an agreement to settle a case pending before it. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). Summary enforcement of a settlement agreement is inappropriate "where material facts concerning the existence or terms of a settlement were in dispute, or where a settlement agreement was apparently procured by fraud." In re City Equities Anaheim, Ltd., 22 F.3d

2 - ORDER

954, 957 (9th Cir. 1994)(internal citations omitted). "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1989).

Under Oregon law, the determination of whether a contract exists is a question of law. In re Marriage of Baldwin, 215 Or. App. 203, 207 (2007). "In determining whether a contract exists and what its terms are, we examine the parties objective manifestations of intent, as evidenced by their communications and acts." Ken Hood Constr. v. Pac. Coast Constr., 201 Or. App. 568, 578, *adh'd to as modified on recons. by* 203 Or. App. 768, *rev. denied*, 341 Or. 366 (2006). The determination of whether a contract exists "does not depend on whether the parties had the same subjective understanding of their agreement . . . it depends on whether the parties agreed to the same, express terms of the agreement, and on whether those terms constitute an enforceable agreement." City of Canby v. Rinkes, 136 Or. App. 602, 611 (1995).

The parties need only agree on the essential or material elements of the contract, not on every possible term. Pacificorp v. Lakeview Power Co., 131 Or. App. 301, 307 (1994). Material terms are those which go to "the substance of the contract and, if breached, defeat the object of the parties in entering into the agreement." Johnstone v. Zimmer, 191 Or. App. 26, 34 (2003).

In this case, Defendants contend that Plaintiff manifested his intent to enter into the contract in the April 25 email.

3 - ORDER

The record shows, however, that Plaintiff's April 25 acceptance of the settlement terms was expressly conditioned upon clarification of the credit reporting issue as it related to a third party. Clarification of that term was at the heart of the subsequent draft proposals exchanged by the parties and it does not appear from the record that the issue was ever resolved. Based on the record, I conclude that the credit reporting issue was a material term upon which the parties never reached agreement. Summary enforcement is therefore inappropriate and Defendants' motion is DENIED.

## II. Motion to Amend

Courts should freely give leave to amend pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave to amend is not automatic, however. Courts are directed to consider 1) bad faith, 2) undue delay, 3) prejudice to the opposing party, 4) futility of amendment, and 5) whether plaintiff has previously amended his complaint. In Re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013).

Defendants contend that no amendment of the complaint should be permitted because the parties reached an enforceable settlement agreement. Defendants make no other objection to Plaintiff's motion. As I have denied Defendants' Motion to Enforce Settlement Agreement, Plaintiff shall be permitted to amend the complaint. Plaintiffs' Motion is GRANTED.

4 - ORDER

## Conclusion

Defendants' Motion to Enforce Settlement Agreement (#47) is DENIED. Plaintiff's Motion for Leave to File an Amended Complaint (#45) is GRANTED.

IT IS SO ORDERED.

DATED this ___7___ day of November, 2014.

                                                /s/ Owen M. Panner
                                                OWEN M. PANNER
                                                U.S. DISTRICT JUDGE