IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN METKE,

        Plaintiff,

        v.

BANK OF NEW YORK MELLON, et al.,

        Defendants.

Civ. No. 3:12-cv-00384-MC

OPINION AND ORDER

COFFIN, Magistrate Judge:

        This case arises out of a pair of mortgages from 2006 and 2007 on real property owned by plaintiff, Brian Metke, in Camp Sherman, Oregon. Plaintiff alleges that payments that were intended to be applied to the 2006 loan were misapplied to the 2007 junior loan, resulting in the default of the 2006 loan. (*See* Pl.'s Second Am. Compl. ¶¶ 21-23). The parties engaged in settlement discussions and on April 25, 2014, advised the court that the action had been settled, resulting in a Sixty-Day Order of Dismissal with prejudice being entered by the court. #38. Plaintiff later repudiated this agreement and defendants' resulting Motion to Enforce the Settlement Agreement (#47) was denied. #63.

1 – OPINION AND ORDER

On August 14, 2015, following a settlement conference before this court, the parties again informed the court that the case had settled (#83) and entered the terms of their agreement on the record in open court. #92. Thereafter, while retaining jurisdiction to enforce the terms of the agreement, this court entered a Sixty-Day Order of Dismissal with prejudice. #84. On September 10, 2015, upon order of this court, defendants provided a draft Settlement Agreement and Release ("Agreement") to plaintiff's then counsel, Michael Cox ("Cox"), and after incorporating several proposed edits provided by Cox, defendants delivered the final draft of the Agreement to plaintiff on January 5, 2016. Decl. of Brian Kiolbasa in Supp. of Defs.' Confidential Mem. Supp. Enforcement of Settlement Agreement ("Kiolbasa Decl.") ¶¶ 8-10; Defs.' Confidential Mem. Supp. Enforcement of Settlement Agreement 3.

The parties attempt to memorialize the settlement agreement ultimately failed, however, because plaintiff disagreed with several terms in defendants' final draft of the Agreement. Kiolbasa Decl. ¶¶ 8-14. Plaintiff, thereafter, submitted his own version of a settlement agreement that he alleges is consistent with the agreed upon terms that were put on the record and differs in only "three material ways" from defendants' proposed Agreement. Pl.'s Confidential Settlement Mem. 2-4. Specifically, plaintiff argues that pursuant to the agreement that was put on the record on August 14, 2015: (1) no payment is owed to Specialized Loan Servicing LLC ("SLS") for the alleged arrears on the senior mortgage; (2) his credit report must be "unconditionally cleared by all defendants"; and (3) because the outstanding balance of the loans are key terms to the settlement agreement, the "principal balance of both loans must be expressly set forth" in the settlement agreement. *Id.* Plaintiff asserts that his proposed agreement is the only agreement consistent with the above mentioned criteria and is, therefore, "the only settlement that will avoid future litigation and bring all matters to a close." *Id.*

2 – OPINION AND ORDER

Defendants argue that plaintiff's version of the agreement adds substantial consideration they never agreed to, most notably, that plaintiff could "ignore $87,000 outstanding on the senior loan and avoid foreclosure altogether" and that a mutual release, rather than the unilateral release the parties agreed upon, would be granted. Defs.' Confidential Mem. Supp. Enforcement of Settlement Agreement 4. Moreover, defendants assert that although plaintiff demands that the Agreement include a loan payoff amount, "such calculations typically go stale within 30 days," and, therefore, it is "not feasible for them to promise that the loans w[ill] have constant balances into the future." *Id.* at 3. Defendants assert, however, that when requested, they have provided plaintiff with "fresh payoff calculations" and that the final draft of the Agreement provided to Cox on January 5, 2016, was accompanied by a promise that counsel for defendants would keep the file open for 60 days after completion of the settlement to facilitate obtaining fresh payoff and reinstatement calculations if needed by plaintiff. *Id.* at 3-4.

Defendants, therefore, argue that because they have agreed to provide plaintiff with fresh payoff and reinstatement calculations after the completion of the settlement, and because it was never the intention of the parties that plaintiff be permitted to ignore the loan arrears outstanding on the senior loan or that he be able to avoid foreclosure indefinitely regardless of whether he is complying with the terms of the underlying loan agreements, this court should enforce the settlement agreement put on the record on August 14, 2015, as memorialized in the Agreement crafted by defendants and Cox and attached as Exhibit 1 to Brian Kiolbasa's Declaration. *Id.*

A district court has the power to summarily enforce an agreement to settle a case pending before it. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Summary enforcement of a settlement agreement is not appropriate "where material facts concerning the existence or terms in a settlement were in dispute, or where a settlement agreement was apparently procured by

3 – OPINION AND ORDER

fraud." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (internal citation omitted). If no material facts are in dispute, a court may enforce the settlement agreement when the agreement is complete, *Callie*, 829 F.2d at 890, and both parties have either agreed to the terms of the settlement or authorized their counsel to settle the dispute. *See Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977) (holding that it was not an abuse of discretion for a court to enforce a settlement agreement after the parties entered the material terms of the agreement on the record).

Here, the parties unambiguously agreed on the record to the key terms of the settlement agreement, as well as to this court's continuing jurisdiction to resolve any disputes in the settlement process and enforce the settlement agreement that was reached and put on the record. #92 at 2-3. Specifically, the parties agreed, in pertinent part,[1] that defendants would "clear up" plaintiff's credit record with the credit reporting agencies that were impacted by any previous reporting and in exchange for that consideration, plaintiff would execute a "global release" dismissing all claims against all defendants, as well as against Mortgage Electronic Registration Systems, Inc. ("MERS"). *Id.*

Defendant's proposed Agreement satisfies the terms of the above mentioned agreement by requiring defendants to notify the credit reporting agencies that they furnished negative information to, that plaintiff's credit report should be modified to "NR," "not reporting," "current," or the equivalent. Kiolbasa Decl. Ex. 1 at 3. In exchange for this consideration, defendants' Agreement provides for a unilateral release by plaintiff of all claims against them and MERS. *Id.* at 4-5. Finally, although it was not expressly agreed to on the record, at the

---

[1] Defendants agreed to certain additional terms in consideration for plaintiff's promise to dismiss all claims. However, due to the confidential nature of the agreement, the court does not discuss the other terms that are not directly disputed here.

4 – OPINION AND ORDER

request of Cox, defendants also agreed to keep plaintiff's account open for sixty days after the completion of the settlement and, if needed, to provide plaintiff with fresh payoff and reinstatement calculations. Accordingly, this court finds that defendants' memorialization of the Agreement addresses all the key terms agreed upon by the parties on the record. Although plaintiff now repudiates the Agreement that defendants created with input from his former counsel, because plaintiff has not shown that any of the terms of defendants' Agreement were inconsistent with the terms of the agreement made on the record in open court, this court orders the strict enforcement of defendants' Agreement and rejects plaintiff's proposed alternate agreement.

## CONCLUSION

For the reasons stated, defendants' Agreement, which was submitted as Exhibit 1 to Brian Kiolbasa's Declaration, is strictly enforced and plaintiff's proposed agreement is rejected. Further, defendants' promise to keep plaintiff's account open for sixty days after the completion of the settlement and to provide plaintiff with fresh payoff and reinstatement calculations during that time period, is also strictly enforced.

IT IS SO ORDERED.

DATED this 29th day of April, 2016.

_____
THOMAS M. COFFIN
United States Magistrate Judge

5 – OPINION AND ORDER