IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN METKE,

        Plaintiff,

        v.

BANK OF NEW YORK MELLON, et al.,

        Defendants.

Civ. No. 3:12-cv-00384-MC

OPINION AND ORDER

COFFIN, Magistrate Judge:

On August 14, 2015, following a settlement conference before this court, the parties advised the court that the case had settled (#83) and agreed on the record to the key terms of the settlement agreement and to this court's continuing jurisdiction to resolve any disputes in the settlement process and enforce the settlement agreement that was reached and put on the record. #92 at 2-3. Thereafter, this court entered a Sixty-Day Order of Dismissal with prejudice. #84. On September 10, 2015, upon order of this court, defendants provided a draft Settlement Agreement and Release ("Agreement") to plaintiff's then counsel, Michael Cox ("Cox"), and after incorporating several proposed edits provided by Cox, defendants delivered the final draft

1 – OPINION AND ORDER

of the Agreement to plaintiff on January 5, 2016. Decl. of Brian Kiolbasa in Supp. of Defs.' Confidential Mem. Supp. Enforcement of Settlement Agreement ("Kiolbasa Decl.") ¶¶ 8-10; Defs.' Confidential Mem. Supp. Enforcement of Settlement Agreement 3. The parties' attempts to memorialize the settlement agreement ultimately failed, however, when plaintiff created his own settlement agreement that was inconsistent with the parties' original agreement.

On April 29, 2016, this court ordered the strict enforcement of defendant's Agreement because it reflected the negotiations and key terms agreed to by the parties. #97. Included in the key terms of the Agreement were requirements that plaintiff deliver an executed copy of the Agreement and a completed W-9 tax form to defendant's counsel and that within 20 business days after receipt, defendant Bank of America, N.A. (BANA) was required to submit payment to plaintiff. However, defendant's counsel informed this court by letter on June 2, 2016, that as of that date, plaintiff has failed to provide BANA with the above mentioned documents and that on May 23, 2016, plaintiff's current counsel informed defendant that plaintiff refuses to sign the Agreement. The letter also states that in order for BANA to comply with federal regulations and IRS guidelines, it is required to obtain a completed W-9 form from plaintiff prior to issuing payment and, therefore, plaintiff's failure to provide a completed W-9 form to BANA, as well as an executed agreement, has frustrated BANA's efforts to comply with this court's order and enforcement of the Agreement.

Because plaintiff's refusal to supply BANA with a completed W-9 form and executed agreement has frustrated BANA's efforts to comply with this court's order of April 29, 2016, this court orders plaintiff to supply a completed W-9 form and executed agreement to counsel for BANA within 30 days of this order or show cause why this case should not be dismissed with prejudice for failure to comply with this court's order.

## CONCLUSION

For the reasons stated, plaintiff is ordered to supply a completed W-9 form and an executed Agreement to counsel for BANA within 30 days of this court's order or show cause why this case should not be dismissed with prejudice for failure to comply with this court's order.

IT IS SO ORDERED.

DATED this 6th day of June, 2016.

_____
THOMAS M. COFFIN
United States Magistrate Judge

3 – OPINION AND ORDER